# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PERRY KING,** *on his own behalf and on behalf of those similarly situated*,

        **Plaintiff,**

-vs-                                            Case No. 6:07-cv-78-Orl-22UAM

**FSA NETWORK, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (Doc. No. 24)** |
| **FILED:** | **June 15, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

    Plaintiff Perry King sued Defendant FSA Network, Inc. for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages. Docket 1. On May 30, 2007, the parties filed a motion to approve a consent judgment. Docket 22. The district judge approved the settlement on June 5, 2007, and directed Plaintiff to file his motion for attorneys' fees and costs. Docket 23. Currently pending before the

Court is Plaintiff's motion for attorneys' fees and costs, which the district judge referred to the undersigned for report and recommendation.

## I.     ANALYSIS

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable.  Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded.  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

Defendant agrees that Plaintiff is a prevailing party entitled to fees, and that the lodestar is the appropriate method to determine those fees.  Defendant, however, contests the reasonableness of Plaintiff's fee request.  Defendant argues that its initial settlement discussions were frustrated because of Plaintiff's unreasonable attorneys' fees demands. Doc. No. 25. It also objects that many of the entries on the time sheets for Plaintiff's counsel are unreasonable, and requests that the Court use its discretion to disallow many of the hours requested. Id.

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). Additional factors to be considered in determining a reasonable fee include: (1) the time and

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The applicant bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Norman*, 836 F.2d at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A. <u>Reasonable Hourly Rate</u>

Plaintiff's counsel, Carlos Leach, claims an hourly rate of $300 per hour for work performed from November 2006 to June 2007. In support, Leach states that became a member of the Florida Bar in January 2002, and a member of this Court's bar in November 2004. Docket 24 at ¶ 12. Leach's practice is limited to FLSA claims, workers' compensation claims, first party insurance litigation, and personal injury claims. *Id*. Over the course of his career, Leach has represented 250 FLSA plaintiffs. *Id*. Leach states that he customarily bills his clients at the rate of $300 per hour. Docket 24-2 at ¶ 3. On July 13, 2006, the Honorable Donald E. Grincewinz of the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida determined that $300 per hour was a reasonable hourly rate for Plaintiff's attorney in a suit against an insurance company. Docket 24-3. On July 3, 2006, the Honorable W. David Dugan of the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida determined that $350 per hour was a reasonable hourly rate for Plaintiff's attorney in a suit against an insurance company. Docket 24-3.

Defendant contends that a reasonable hourly rate for Leach is $150 per hour. Defendant's argument is based on Leach's relative inexperience, and awards to comparably experienced FLSA attorneys in the Middle District of Florida. Doc. 25 at 2-3.

A review of other FLSA cases litigated by Leach in the Middle District of Florida reveals that in March 2007, Leach agreed to a settlement which compensated him at the rate of $200 per hour. *Galvan v. Wok-Tok, Inc.*, U.S. District Court, Middle District of Florida (Orlando), Case # 6:06-cv-00730-ACC-JGG, Doc. 48 at 3. In a more recent case, Leach agreed to a settlement which compensated him at the rate of less than $88 per hour in June 2007. *Mann v. Leor Constr., LLC*, U.S. District Court, Middle District of Florida (Orlando), Case # 6:06-cv-01217-JA-UAM, Doc. 28 at 3-4

($2500/28.5 hours billed = $87.72/hour). Similarly, in August 2007, Leach agreed to a settlement which compensated him at the rate of $210.53 per hour. *Kottler v. PWG Franchising, LLC*, U.S. District Court, Middle District of Florida (Orlando), Case # 6:06-cv-01439-GAP-UAM, Doc. 29 at 4 ($6,000/28.5 hours billed). Yet another example reflects that Leach agreed to a settlement in May 2007 which compensated him at the rate of $161.29 per hour. *Livingston v. AboutSatellite.com, Inc.*, U.S. District Court, Middle District of Florida (Orlando), Case # 6:06-cv-01471-GAP-UAM, Doc. 42 at 3 ($7,500/46.5 hours billed).

Although there are undoubtedly many more records that could be gleaned from the Court's files regarding settlements entered by Leach, the above cited cases are sufficient to conclude that the variation in billing rates accepted by Leach reflects that he cannot collect $300/hour in FLSA cases. Leach has failed to meet his burden of proof that $300/hour is a reasonable hourly rate. The Court, therefore, acting as an expert will determine the appropriate rate.

Although Leach has substantial experience in FLSA cases, these cases typically are not complex and do not require a high degree of skill to represent the plaintiff. The Court finds that this was not a complex case. The Court finds that a rate of $160/hour is a reasonable hourly rate for Leach in this case.

### B. Reasonable Number of Hours

Defendant argues that the number of hours claimed by Plaintiff's counsel should be reduced because of excessive billing of routine matters, billing for clerical and administrative tasks, billing for items that were necessary due to Plaintiff's own actions, and billing for other unnecessary tasks. Defendant also argues that the case could have settled earlier and 3.6 hours of work could have been avoided if Plaintiff's counsel had not been demanding an unreasonable fee.

With respect to the hours that potentially could have been saved but for counsel's unreasonable fee demand, the Court is unwilling to deduct for time spent negotiating the settlement. Further, given the disparity in counsels' positions regarding a reasonable hourly rate, it is clear that a motion was required to resolve the issue. The Court agrees in part with Defendant that certain time entries were excessive, some were administrative, and some are improper to charge to the opposing party when the work was caused solely by the Plaintiff's delay. The Court, however, does not agree that all of the entries itemized in Defendant's response should be deducted. After careful review of the billing records, the Court finds that Plaintiff's counsel's hours should be reduced by a total of 6.0 hours.

### C.    Costs

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

Plaintiff claims $27.25 for unspecified photocopy costs. Section 1920(4) authorizes the taxation of costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. §1920(4). Costs for the convenience of counsel, however, are not allowed. *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga.1992). *See also, Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996) (general copying costs are not recoverable). The party seeking recovery of photocopying costs "must come forward with evidence showing the nature of the documents copied, including how

-6-

they were used or intended to be used in the case. . . A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Helms*, 808 F.Supp. at 1570 (internal citations omitted). See also *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 914 (M.D.Fla.1989)(declining to award photocopy costs where party did not itemize the photocopies that are the subject of the motion).  As Plaintiff makes no showing that the photocopy charges were necessary for the case, the costs are denied.

Plaintiff's claim for facsimile charges, long distance telephone calls, and postal charges are similarly improper. *Duckworth*, 97 F.3d at 1399; *Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1329 (M.D. Fla. 2002).

Defendant also challenges the travel costs for Jeff Treulieb. Plaintiff does not identify who is Jeff Treulieb or why travel costs incurred prior to the filing of the complaint should be recoverable. The Court, therefore, denies these costs.

The only recoverable costs are the filing fee of $350, and the process server fee of $50.

**IT IS RECOMMENDED THAT:**

1. The Court grant in part and deny in part Plaintiff's motion for attorneys' fees and costs;

2. The Court award attorneys' fees pursuant to 29 U.S.C. § 216(b) in the amount of $2,864, calculated by multiplying 17.9 hours x $160/hour; and

3. The Court award $400 in costs pursuant to 28 U.S.C. § 1920.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 2, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway